**DAVIS BUCCO MAKARA & DORSEY**
By:     Paul A. Bucco, Esquire
          Patrick M. Blair, Esquire
Attorney ID Nos. 52561/202029
10 E. 6ᵗʰ Avenue, Suite 100
Conshohocken, PA 19428
(610) 238-0880                                                 Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | : | |
| FOR THE USE AND BENEFIT OF | : | |
| SPACE MANAGEMENT CONSULTANTS, LLC | : | |
| 1324 Locust St, Apt. 1520 | : | |
| Philadelphia, PA 19107 | : | No. |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| SENATE BUILDERS & CONSTRUCTION | : | |
| MANAGERS, INC. | : | |
| 2232 DeKalb Pike | : | |
| East Norriton, PA 19401 | : | |
| and | : | |
| | : | |
| LIBERTY MUTUAL INSURANCE COMPANY | : | |
| 175 Berkeley Street | : | |
| Boston, MA 02116 | : | |
| Defendants. | : | |

## COMPLAINT

This action is brought in the name of the United States of America for the use and benefit of Space Management Consultants, LLC, pursuant to 40 U.S. C. § 3131 et seq. (the "Miller Act"). Space Management Consultants, LLC by and through its undersigned counsel, Davis Bucco Makara & Dorsey, hereby avers as follows:

## PARTIES

1.      Space Management Consultants, LLC ("SMC"), is a corporation duly licensed and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business as set forth above.

2.      Defendant, Senate Builders & Construction Managers, Inc. ("Senate") is a corporation duly licensed and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business as set forth above

3.      Defendant, Liberty Mutual Insurance Company ("Liberty"), is an insurance company registered to do business in the Commonwealth of Pennsylvania with an address as set forth above.

4.      Defendants regularly conduct business in Pennsylvania and in the Eastern District of Pennsylvania.

## STATEMENT OF JURISDICTION

5.      This Court has jurisdiction over this action pursuant to 40 U.S.C. §§3131, 3133 and 28 U.S.C. §1367.

6.      Venue is proper in this judicial district pursuant to 40 U.S.C. §3133 and 28 U.S.C. §1391.

## FACTUAL BACKGROUND

7.      The construction project at issue is the replacement of ten (10) elevators at the Department of Veterans Affairs Medical Center ("VAMC") located at 1400 Blackhorse Hill Road, Coatesville, PA 19320 (the "Project").

8.      On or about September 9, 2021, Senate obtained a "Payment Bond" from Liberty for the Project in the amount of $8,779,183.00, with a contract number of 36C24421C0087 (the "Bond"). A true and correct copy of the Bond is attached hereto as Exhibit "A".

9.      At all times relevant hereto, The Shepherd Agency, LLC facilitated acquisition of the Payment Bond.

10.     On or about September 27, 2021, SMC entered into a subcontractor agreement ("Subcontract") with general contractor Senate, to provide, among other things, architectural design services for the Project. See a true and correct copy of the Subcontract is attached hereto as Exhibit "B".

11.     The subcontract provides that Senate will pay SMC $950,000.00 for SMC's architectural design services at the Project. Id. at 1.

12.     The Subcontract further provides that SMC will be paid pursuant to the Billing Phases in the Subcontract. Id.

13.     The Billing Phases required a total payment of $750,000.00 by the time SMC completed 65% of its architectural designs. Id.

14.     The remaining $200,000.00 was to be paid to SMC upon completion of 100% of SMC's design services. Id.

15.     On or about February 24, 2022, SMC submitted full and complete architectural designs for the Project.

16.     Senate's project manager, Nazir Alsakary, then certified that SMC had submitted 100% of its architectural designs. See a true and correct copy of the "Transmittal of Shop Drawings, Equipment Data, Material, Samples, or Manufacturer's Certificates of Compliance" and supporting documents attached hereto as Exhibit "C."

17.     Thereafter, SMC sent an invoice to Senate for the remaining $200,000.00 pursuant to the Billing Phases of the Subcontract. See a true and correct copy of SMC's 2/24/22 Invoice attached hereto as Exhibit "D."

18.     The invoice was submitted to Mariah Martinez, Senate's bookkeeper, and Ms. Martinez acknowledged receipt of the Invoice on or about February 24, 2022. See a true and correct of Ms. Martinez's 2/24/22 email attached hereto as Exhibit "E."

19.     At all times relevant hereto, SMC performed its obligations pursuant to the Subcontract in a timely, proper and workmanlike manner.

20.     At all times relevant hereto, SMC requested final payment from Senate in the amount of $200,000.00 once 100% of the architectural designs had been submitted. See Exhibit D.

21.     At all times relevant hereto, Senate has refused to pay SMC the outstanding amount of $200,000.00 due and owing under the Subcontract.

22.     Senate's refusal to pay SMC appears to rest on the fact that Senate either has not billed, or has not received payment from, the VAMC for the completion of SMC's work. See a true and correct copy of an email from Senate's attorney, dated March 21, 2022, and attached hereto as Exhibit "F."

23.     At all times relevant hereto, Senate's failure to pay SMC is a violation of the Miller Act.

24.     On or about March 21, 2022, SMC submitted a claim under the Miller Act for the outstanding amount of 200,000.00 to the Shepherd Agency. See a true and correct copy of the SMC's March 21, 2022 correspondence attached hereto as Exhibit "G."

25.     Upon information and belief The Shepherd Agency forwarded the claim to Liberty Mutual and Liberty Mutual.

26.     SMC is entitled to payment of the outstanding sum of $200,000.00 as set forth herein.

## COUNT I – BREACH OF CONTRACT
### SMC v. Senate

27.     SMC incorporates by reference the preceding paragraphs as if set forth fully herein.

28.     SMC has performed all of its duties under the terms and conditions of the Subcontract.

29.     Senate's failure to pay the outstanding $200,000.00 pursuant to the Subcontract constitutes a material breach of the Subcontract.

30.     As a direct and proximate result of the breach, SMC has suffered damages in the amount of $200,000.00, plus interest.

**WHEREFORE**, Space Management Consultants, LLC, hereby demands judgment in its favor and against Defendant Senate Builders & Construction Managers, Inc. in the amount of $200,000.00, along with prejudgment interest, costs, and such other relief as the Court deems appropriate.

## COUNT II – MILLER ACT, 40 U.S.C. §3131 ET SEQ.
### SMC v. Liberty

31.     SMC incorporates by reference the preceding paragraphs as if set forth fully herein.

32.     As set forth above, SMC has satisfied all of its obligations pursuant to the Subcontract and conditions precedent for payment.

33.     Pursuant to 40 U.S.C. §3131 et seq., SMC is entitled to payment from Liberty in the amount of $200,000.00, plus interest on the Bond issued for the Project.

34.     SMC's last day of work on the Project was February 25, 2022.

35.     This claim as been brought within ninety (90) days of SMC's last work on the Project.

36.     All of the conditions precedent or requirements of the Miller Act relating to the filing of this lawsuit have been fulfilled or have occurred.

**WHEREFORE**, Space Management Consultants, LLC, hereby demands judgment in its favor and against Defendant, Liberty Mutual Insurance Company in the amount of $200,000.00, plus statutory interest, attorneys fees, costs, and such other relief as the Court deems appropriate.

**Davis Bucco Makara & Dorsey**


By:    */s/ Paul A. Bucco*

PAUL A. BUCCO, ESQUIRE
Attorneys for Plaintiff,
Space Management Consultants LLC

Dated:  May 6, 2022

# EXHIBIT "A"

Bond No. 019-080-606

| PAYMENT BOND (See instructions on reverse) | DATE BOND EXECUTED (Must be same or later than date of contract) | OMB Control Number: 9000-0045 Expiration Date: 8/31/2022 |
|---|---|---|

Paperwork Reduction Act Statement - This information collection meets the requirements of 44 USC § 3507, as amended by section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget (OMB) control number. The OMB control number for this collection is 9000-0045. We estimate that it will take 1 hour to read the instructions, gather the facts, and answer the questions. Send only comments relating to our time estimate, including suggestions for reducing this burden, or any other aspects of this collection of information to: General Services Administration, Regulatory Secretariat Division (M1V1CB), 1800 F Street, NW, Washington, DC 20405.

**PRINCIPAL (Legal name and business address)**

Senate Builders & Construction Managers, Inc.
2232 DeKalb Pike
East Norriton, PA 19401

**TYPE OF ORGANIZATION ("X" one)**

[ ] INDIVIDUAL  [ ] PARTNERSHIP  [ ] JOINT VENTURE
[X] CORPORATION  [ ] OTHER (Specify)

**STATE OF INCORPORATION**
Delaware

**SURETY(IES) (Name(s) and business address(es))**

Liberty Mutual Insurance Company
175 Berkeley Street
Boston, MA 02116

**PENAL SUM OF BOND**

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 8 | 779 | 183 | 00 |

| CONTRACT DATE | CONTRACT NUMBER |
|---|---|
| 9-9-21 | 36C24421C0087 |

**OBLIGATION:**

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit is indicated, the liability is the full amount of the penal sum.

**CONDITIONS:**

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

**WITNESS:**

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

**PRINCIPAL** — Senate Builders & Construction Managers, Inc.

| | 1. (Seal) | 2. | 3. (Seal) | |
|---|---|---|---|---|
| SIGNATURE(S) | | | | Corporate Seal |
| NAME(S) & TITLE(S) (Typed) | 1. Eugene J. Mxxxx President | 2. | 3. | |

**INDIVIDUAL SURETY(IES)**

| | 1. (Seal) | 2. (Seal) |
|---|---|---|
| SIGNATURE(S) | | |
| NAME(S) (Typed) | 1. | 2. |

**CORPORATE SURETY(IES)**

| SURETY A | NAME & ADDRESS | Liberty Mutual Insurance Company 175 Berkeley Street, Boston, MA 02116 | STATE OF INCORPORATION Massachusetts | LIABILITY LIMIT $1,505,302,000 | |
|---|---|---|---|---|---|
| | SIGNATURE(S) | 1. R.H. Shepherd | 2. | | Corporate Seal |
| | NAME(S) & TITLE(S) (Typed) | 1. R.H. Shepherd, Jr Attorney-in-Fact | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is NOT usable

STANDARD FORM 25A (REV. 8/2016)
Prescribed by GSA-FAR (48 CFR) 53.2228(c)

# EXHIBIT "B"



**SENATE BUILDERS**

**STANDARD AGREEMENT BETWEEN SENATE BUILDERS & CONSTRUCTION MANAGERS, INC. & SPACE MANAGEMENT CONSULTANTS**

**STANDARD AGREEMENT / P.O. # 1671**

Made as of this **27ᵗʰ** day of **September** in the year of **Two Thousand Twenty One**

**BETWEEN**

| **Senate Builders & Construction Managers, Inc.** | **Space Management Consultants** |
|---|---|
| **2232 DeKalb Pike, East Norriton, PA 19401** | **2232 DeKalb Pike** |
| **610-834-2952   Fax: 610-292-7188** | **E. Norriton, PA 19401** |
| (hereinafter referred to as "Construction Managers") | (hereinafter referred to as "Consultant") |

For the following Project: **Replace 10 Elevators Project** . Contract # 36C24421C0087

The Construction Managers and the Consultant agree as set forth below:

I.   **GENERAL**

A.   The Consultant shall provide for the Construction Managers, in accordance with the Terms and Conditions of this Agreement, the following professional services:

| BASIC SERVICES | BILLING PHASE | | TOTAL LUMP SUM FEE |
|---|---|---|---|
| Construction Documents | • | Upon acceptance of proposal | $100,000.00 |
| | • | Upon completion of 15% design | $200,000.00 |
| | • | Upon completion of 50% design | $200,000.00 |
| | • | Upon completion of 65% design | $250,000.00 |
| | • | Upon completion of 100% design | $200,000.00 |
| **TOTAL FEE** | | | **$950,000.00** |

**CONSTRUCTION MANAGERS'S REQUIREMENTS:**  Each submittal of construction documents from the Consultant to the Construction Managers shall be presented as follows:

☒   Electronic Files required are PDF and DWG

**NOTE** that any non-conformance with the above which results in time spent by Construction Managers for reformatting, translation, or conversion could result in a back charge; each original or revised set of drawings submitted **must** be accompanied by the electronic files.

**NOTE** detail(s) for Basic Service(s) to be provided.  Terms and Conditions shall be per this Agreement.

This Agreement entered into as of the day and year first written above. The signature below warrants that the person signing has the authority to sign on behalf of the Consultant and to obligate the Consultant to the terms and conditions of this Agreement.

**CONSTRUCTION MANAGERS:**

SENATE / BUILDERS /& CONSTRUCTION
MANAGERS, INC.

BY: Eugene J. McNally, III - President

DATE: _____ 09-27-2021

**CONSULTANT:**

SPACE MANAGEMENT CONSULTANTS

BY: Yasser Osman,

DATE: _____ 09-27-2021

## II.    TERMS AND CONDITIONS OF AGREEMENT

A.    The Construction Managers shall be the general administrator of the Project, and shall facilitate the exchange of information among the various Consultants; should the Consultant feel at any time that lack of information is impeding the progress or quality of his work, the Construction Managers shall be notified in writing.  All communication between the Consultant and the Owner or Contractor shall be through the Construction Managers in writing, unless otherwise authorized.

B.    The Consultant's services shall be performed in quality, character, sequence and timing so that they will be coordinated with the services of the Construction Managers and all other consultants for the Project.

C.    The Construction Managers may elect to provide project information (for example base reference files) in the Construction Managers' CAD standards or criteria documents provided by others.

This information will be provided at the Construction Managers' expense.  Completed CAD work shall be returned to the Construction Managers in the same software, release number, layering, etc. as that received from Construction Managers and/or as that required by Client. Any translation, plotting or CAD work required by the Construction Managers to complete the consultant's work in accordance will be back charged.

D.    At his expense, the Consultant shall provide progress copies of drawings, reports, specifications and other necessary information to the Construction Managers and other consultants.  The Consultant shall become familiar with the Work designed by the Construction Managers and other consultants as necessary for the proper coordination of his work into the project.

E.    The Construction Managers shall not be responsible to the Owner for the acts or omissions of the Consultant, the Construction Managers' other consultants, the Contractor, the Subcontractors, any of their agents or employees, or any other persons performing any of the Work.  The Consultant hereby agrees to hold the Construction Managers harmless for

any claims arising out of the work of the Consultant, including legal expenses and attorney's fees.

F.    In addition to all applicable codes, ordinances and restrictions, and in addition to sound, professional judgement, the Consultant's services shall be performed in compliance with all additional requirements provided by the Construction Managers.

G.    The Construction Managers shall have the right to transfer this Agreement to the Owner with no effect.

H.    The Consultant agrees to not bring any claim against Construction Managers for any reason except to require compliance with this Agreement.

## III.    CONSTRUCTION DOCUMENTS PHASE

A.    When authorized by the Construction Managers in writing, the Consultant shall prepare Drawings and Specifications setting forth in detail the requirements for the construction of the Project, all of which are to be approved by the Owner and the Construction Managers. The Consultant shall prepare the Drawings and Specifications in such format as the Construction Managers may reasonably require. Revisions as required by the Owner and Construction Managers (except those deemed by the Owner and Construction Managers to be a change in the original requirements) shall be promptly incorporated at no additional fee.

B.    When requested by the Construction Managers, the Consultant shall be available for a project "kick off" meeting at the start of construction documents as well as subsequent coordination meetings during the Construction Documents process.

C.    Consultant shall provide all additional clarifications, revisions, or supporting data that may be required to permit their portion of the work

## IV.    BIDDING PHASE

A.    The Consultant shall assist the Construction Managers and the Owner in answering bidder/Subcontractors questions and/or preparing necessary addenda at no additional fee.

B.    The Consultant shall provide interpretation of their Drawings and Specifications at no additional fee.

## V.    CONSTRUCTION PHASE – ADMINISTRATION OF THE CONSTRUCTION CONTRACT

A.    Upon request by the Construction Managers, the Consultant shall visit the site or perform other additional services, at Consultant's rates which will be provided upon execution of this Agreement.

B.      The Consultant shall promptly render written recommendations, on all claims, disputes and other matters relating to the Consultant's work, as requested by Construction Managers with no additional fee.

C.      The Consultant shall provide interpretation of his Drawings and Specifications and shall include shop drawing review at no additional fee.

D.      When requested by the Construction Manager, the Consultant shall be available for a "project close-out" meeting with Construction Manager, Owner and Contractor.

## VI.    TIME FRAME

A.      The Consultant shall perform its Services as expeditiously as is consistent with professional skill and care and the orderly progress of the Work. The Consultant shall submit, for the Construction Managers' approval, a schedule for the performance of the Consultant's services. The schedule, when approved by the Construction Managers, shall not, except for reasonable cause, be exceeded by the Consultant.

## VII.    REIMBURSABLE EXPENSES

A.      The expense of reproductions, postage and handling of Drawings and Specifications and other documents during design phase are not to be considered as reimbursable expenses. Reproductions required for Signing and Sealing and all documents required thereafter by the Owner shall be reimbursed at cost. For any and all reimbursable expenses, back-up information must be provided to Construction Managers.

## VIII.    PAYMENTS ON ACCOUNT OF SERVICES

A.      A condition precedent to payments which are payable to Consultant hereunder shall be receipt by Construction Managers of payment from Owner for Consultant's work. No interest shall accrue on Consultant invoices due to progress billing. It is expressly agreed that Construction Managers shall be liable to Consultant for payments under this Subcontract only when Construction Managers receives payment from Owner, and then only to such extent as the amount included in the payment from the Owner for Consultant's work. If payment from the Owner is unspecified, then the amount payable to Consultant from the funds received by Construction Managers shall be proportionate to all other work for which the Owner has been billed by Construction Managers for this project. Nothing contained herein shall prevent Consultant from protecting and exercising any lien rights it may have.

## IX.    DISPUTE RESOLUTION

A.      In an effort to resolve any conflicts that arise during the design or construction of the project or following the completion of the project, the Consultant and the Construction Managers agree that all disputes between them arising out of or relating to this Agreement shall be submitted to nonbinding mediation unless the parties mutually agree otherwise.

## X.    TERMINATION OF AGREEMENT
A.      This Agreement is terminated if and when the Construction Managers/Owner Agreement is terminated. The Construction Managers shall promptly notify the Consultant of such termination and all work shall cease immediately.

B.     This Agreement may be terminated by either party upon 24 hours written notice should the other party fail substantially to perform in accordance with its terms.

C.     Unless agreed otherwise, the Consultant's services are finished at issuance of Certificate of Occupancy.

D.     Upon completion of his work, Consultant shall complete certifications dealing with his work as requested by the Construction Managers and return same fully signed and sealed to the Construction Managers.

## XI.   INSURANCE

A.     The Construction Managers and the Consultant shall each effect and maintain liability insurance to protect themselves from claims arising out of the performance of professional services under this agreement and caused by any error, omission or negligent act for which they are legally liable. Construction Managers shall have the right to request a Certificate of Insurance at any time.

## XII.   COMPENSATION FOR ADDITIONAL SERVICES

A. In the event of a substantial change in scope of Construction Managers work by the Owner, the Construction Managers may require an immediate, temporary halt in the Consultant's work. All additional services determined shall be performed at an hourly rate (per attached fee schedule) or at a fixed fee predetermined by both Construction Managers and Consultant. In no case shall the Consultant perform any additional services without written approval of the Construction Managers. No additional services shall be paid until Consultant's Supplemental Authorization is signed and returned to Construction Managers office.

## XIII.   THE CONSTRUCTION MANAGERS SHALL HAVE THE RIGHT TO COPY THE CONSULTANT'S WORK AS REQUIRED FOR:

A.   Bidding, permitting, construction and close-out of this project.

B.   Providing information to current or future owners of the project for their use in advising a current or future user (tenant).

C.   For informational purposes only in designing future renovations/additions to the original project.

# EXHIBIT "C"

# TRANSMITTAL OF SHOP DRAWINGS, EQUIPMENT DATA, MATERIAL SAMPLES, OR MANUFACTURER'S CERTIFICATES OF COMPLIANCE

For use of this form, see ER 415-1-10; the proponent agency is CECW-CE.

| DATE | TRANSMITTAL NO. |
|---|---|
| 02-24-2022 | 22 |

**SECTION I - REQUEST FOR APPROVAL OF THE FOLLOWING ITEMS** (This section will be initiated by the contractor)

TO:
Earl Langendorf / COR

FROM:
Nizar Alsankary / Project Manager

| CONTRACT NO. |
|---|
| 36C24421C0OS7 |

CHECK ONE:

[X] THIS IS A NEW TRANSMITTAL

[ ] THIS IS A RESUBMITTAL OF TRANSMITTAL _____

SPECIFICATION SEC. NO. (Cover only one section with each transmittal)

PROJECT TITLE AND LOCATION
Replace 10 Elevators - VAMC Coatesville

THIS TRANSMITTAL IS FOR: (Check one)
[ ] FIO  [ ] GA  [ ] DA  [ ] CR  [ ] DA/CR  [ ] DA/GA

| ITEM NO. (See Note 3) | DESCRIPTION OF SUBMITTAL ITEM (Type size, model number/etc.) | SUBMITTAL TYPE CODE (See Note 8) | NO. OF COPIES | CONTRACT DOCUMENT REFERENCE | | CONTRACTOR REVIEW CODE | VARIATION Enter "y" if requesting a variation (See Note 6) | USAGE ACTION CODE (Note 9) |
|---|---|---|---|---|---|---|---|---|
| | | | | SPEC. PARA. NO. | DRAWING SHEET NO. | | | |
| a. | b. | c. | d. | e. | f. | g. | h. | i. |
| 1 | 100% Design Submission | SD-02 | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

REMARKS

I certify that the above submitted items had been reviewed in detail and are correct and in strict conformance with the contract drawings and specifications except as otherwise stated.

| NAME OF CONTRACTOR | SIGNATURE OF CONTRACTOR |
|---|---|
| Senate Builders & Construction Managers | Nizar Alsankary |

**SECTION II - APPROVAL ACTION**

| NAME AND TITLE OF APPROVING AUTHORITY | SIGNATURE OF APPROVING AUTHORITY | DATE |
|---|---|---|
| | | |

ENCLOSURES RETURNED (List by item No.)

**ENG FORM 4025-R, MAR 2012**       REPLACES EDITION OF MAR 95, WHICH IS OBSOLETE.       Page 1 of 2

Coatesville VA Medical Center (CVAMC)                                    Design/Build Scope of Work
Replace 10 Elevators

542-14-107

AS DELIVERED TO CLIENT
BY HAND ON 02/24/2022

2/24/2022.

**ATTACHMENT "C"**

### Design Development Milestone 100% Submission Requirements

**Deliver** the following (labeled with 100% submission) and **include** this attachment as a checklist with your submission:

☑ **3 copies** of a narrative report forwarding the design develop 100% submission addressing items listed in the design requirements and any additional A/E recommendations. The report should include identifying potential alternatives, recommended construction phasing based upon discussions with the program manager and any design calculations or analysis.

☑ **3 sets of half size and one set of full size** of all drawings updating all previous comments required by project produced on AutoCAD (versions 2000 through 2010 acceptable) software.

☑ **3 copies** of the proposed construction schedule.

☑ **3 copies** of final itemized cost estimate by spec section or trade (labor, material and equipment) and also by VA criteria, NRM, Minor, BSER and BSEA.

☑ **3 copies** of final edited VA Master Specifications of sections to be used for this project and a master submittal list identifying all the submittals required to be submitted by the contractor for review.

☑ **3 CD containing**

☑ All drawings in PDF and AutoCAD (versions 2000 through 2019 acceptable) individually and as a full set

☑ All specifications in PDF and Microsoft Word 2007 individually and as a full set

☑ Schedules, narratives, and phasing.



# EXHIBIT "D"

**Space Management Consultants, LLC**
2232 DeKalb Pike
East Norriton, PA  19401 US
+1 2679667177
mariah@senatebuilders.com

# INVOICE

**BILL TO**
SENATE BUILDERS &
CONSTRUCTION
MANAGERS, INC.
2232 DEKALB PIKE
EAST NORRITON, PA  19401
USA

**INVOICE #** 1016
**DATE** 02/24/2022
**DUE DATE** 03/26/2022
**TERMS** Net 30

| SERVICE | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| **ARCHITECTURE SERVICES** | | 1 | 200,000.00 | 200,000.00 |

BALANCE DUE **$200,000.00**

# EXHIBIT "E"

**From:** yasser@spacemanagementconsult.com <yasser@spacemanagementconsult.com>
**Sent:** Friday, February 25, 2022 10:02 AM
**To:** 'Mariah Martinez' <mariah@senatebuilders.com>
**Subject:** RE: VAMC Coatesville - 10 Elevator Replacement - Space Management Consultants Proposal

Many thanks for raising the invoice.

I will leave it to your approval on the invoicing sheet.

Yasser Osman, Ph.D. AIA. PMP.
Architect
Principal - Managing Director.

Healthy Design & Construction Relationship = Effective communication + One team approach + Mutual Respect.
Together we can make a difference.

**Yasser Calendar**

2232 DeKalb Pike, suite 101

1

East Norriton, PA 19401
610-834-2952 ext. 106
Cell: 610-213-0336
yasser@spacemanagementconsult.com
www.spacemanagementconsultants.com

**From:** Yasser Osman <yasser@spacemanagementconsult.com>
**Sent:** Thursday, February 24, 2022 6:51 PM
**To:** Mariah Martinez <mariah@senatebuilders.com>
**Subject:** Re: VAMC Coatesville - 10 Elevator Replacement - Space Management Consultants Proposal

Thank you very much. Take your time

Get Outlook for iOS

**From:** Mariah Martinez <mariah@senatebuilders.com>
**Sent:** Thursday, February 24, 2022 2:10:01 PM
**To:** yasser@spacemanagementconsult.com <yasser@spacemanagementconsult.com>
**Subject:** Re: VAMC Coatesville - 10 Elevator Replacement - Space Management Consultants Proposal

Yes I will send that invoice asap just driving right now.
I have more videos inwill send it's only letting me do one right now

Sent from my iPhone

On Feb 24, 2022, at 1:34 PM, yasser@spacemanagementconsult.com wrote:

Mariah,

Kindly raise the 100% invoice for the Design services of Replace 10 Elevator project. IF you are too busy to do via quick books as usual let me know and I can submit on my end.

Today we delivered the 100% Document and Client was satisfied.

Also can you please send yesterday videos taken in Boston Dynamics. I did post the ones I took on the SBCM Family Chanel.

Thank you.

Yasser Osman, Ph.D. AIA. PMP.
Architect
Principal - Managing Director.

Healthy Design & Construction Relationship = Effective communication + One team approach + Mutual Respect. Together we can make a difference.

**Yasser Calendar**

2232 DeKalb Pike, suite 101
East Norriton, PA 19401
2

# EXHIBIT "F"

**yasser@spacemanagementconsult.com**

| From: | Shawn R. Farrell <sfarrell@cohenseglias.com> |
|---|---|
| Sent: | Monday, March 21, 2022 10:10 AM |
| To: | yasser@spacemanagementconsult.com; Jessica Kopania |
| Cc: | 'Eugene McNally'; 'Mariah Martinez'; 'Sean McGovern' |
| Subject: | RE: Senate Builders - VAMC Coatesville project [CSPGF-ACTIVE.FID563010] |

Mr. Osman:

I appreciate your timely, albeit factually incorrect, response. As you noted in the email, the contract controls the obligations owed between Senate and SMC. Paragraph VIII A stated: "[A] condition precedent to payments which are payable to Consultant hereunder shall be receipt by Construction Manager of payment from Owner for Consultant's work." This language unambiguously exculpates Senate and the bonding company from any obligation to pay SMC, unless and until, the Government pays Senate for the services of SMC. If we agree to this fact, there is little left to argue, as Senate has not been paid the full balance of the SMC contract. Thus, SMC is not owed its full contract balance. While I understand the pressures of small companies and the desire to get paid for services, SMC should have considered that these invoices have a time cycle for payment before it entered into the contract. SMC cannot renegotiate terms because of intervening cash flow needs (this is my assumption). You inquired as to how I would handle invoices for my services, my answer is that: I would allow them to be paid in the customary time period; I would not become defensive for the work provided; and I would stand behind the promise I made in the contract.

The contract also contains paragraph IX., entitled Dispute Resolution, that demands the parties exhaust mediation. As suggested in your email, SMC should follow the terms of the contract and seek mediation if desired. I will not address the innumerable questions raised in your email, only because I do not find letter writing campaigns professionally productive. But you should note, the contract has a provision by which SMC could have requested additional monies for additional services (paragraph XII). Further my letter concerning the promises made and potentially broken by SMC on lines of communication arise from paragraph II A., whereby Senate and not SMC acts as the general administrator of the Project and "shall facilitate the exchange of information among the various Consultants", with " [a]ll communications between the Consultant and the Owner or Contractor shall be through the Construction Managers in writing, unless otherwise authorized." Senate has not authorized any deviation from these mandates.

Finally, Senate has retained another firm, Jon Samel, to handle the negotiation of the Separation Agreement. I urge you to take the opportunity to seek a global resolution of all open issues in that forum.

Guide yourself accordingly.

**Shawn R. Farrell** = Partner
**Cohen Seglias Pallas Greenhall & Furman PC**
1600 Market Street = 32nd Floor = Philadelphia, PA 19103
P: 215.564.1700 = D: 267.238.4719



Confidentiality Note: This electronic message and any attachments ("message") is intended for use only by the individual or entity to which it is addressed and may contain information that is confidential, protected by the attorney-client privilege, and/or exempt from disclosure under applicable law. If you are not the intended recipient of this

# EXHIBIT "G"

From: Space management Consultants, LLC
Phone: 610-213-0336
Email: Yasser@spacemanagementconsult.com
Webpage: www.spacemanagementconsultants.com


To: The Shepherd Agency, LLC
7051 Camp Hill Road, Suite 200
Fort Washington, PA 19034
(215) 233-4330

Date: 03/21/2022
**Project Name:** VAMC Coatesville / Replace 10 Elevators
**Government Project No:** 542-14-107
**Government Contract No:** 36C24421C0087
**Project Address:** Blackhorse Hill Road, Coatesville, PA


**Subject: Miller Act Bond Lien notification and official Claim**

To Whom It may concern,

Space management consultants is subcontracted by Senate Builders and construction managers to
provide Design services for the above-mentioned federal project as per the signed contract between
both parties attached as Exhibit (a)

The Design services were provided as per the agreed contract and Space management exceeded the
requested deliverables as to the 100% design completed and delivered from Senate to the Government
on 02/24/2022. See Photo for Design meeting held at Government office with all engineers for the 100%
Design completion. Exhibit (b)

Senate Builders paid for all agreed invoices and default of the last payment of $ 200,000 for the 100%
Design completion as per attached raised invoice Exhibit (c )

Senate builders rejected the invoice and repeatedly stalled the several reminders as well as confirmed
the rejection by their legal entity with no facts stated or referenced. Also refused to share the payment
received from the government as well as the contract with the government and the approved schedule
of value even with the fact that this is public record and have the right to know.

We did notify Senate builders with out intent to file this Bond Lien as per the notice attached in Exhibit
(d)

We are following with the official claim for your kind investigation and necessary action. Kindly let me
know if anything else is needed from our side or any specific forms need to be filled.

We will be following up informing the government on this claim and to let them know that we will not be able to extend any further services based on the default of this invoice.


Best Regards,



Yasser Osman, PhD, AIA, PMP
Architect on Record.

**Exhibit (a) signed Contract**



**SENATE BUILDERS**

**STANDARD AGREEMENT BETWEEN SENATE BUILDERS & CONSTRUCTION MANAGERS, INC. & SPACE MANAGEMENT CONSULTANTS**

**STANDARD AGREEMENT / P.O. # 1671**

Made as of this **27th** day of **September** in the year of **Two Thousand Twenty One**

**BETWEEN**

**Senate Builders & Construction Managers, Inc.**        **Space Management Consultants**
**2232 DeKalb Pike, East Norriton, PA 19401**            **2232 DeKalb Pike**
**610-834-2952   Fax: 610-292-7188**                     **E. Norriton, PA 19401**
(hereinafter referred to as "Construction Managers")     (hereinafter referred to as "Consultant")

For the following Project: **Replace 10 Elevators Project** . Contract # 36C24421C0087

The Construction Managers and the Consultant agree as set forth below:

**I.      GENERAL**

   A.      The Consultant shall provide for the Construction Managers, in accordance with the Terms and Conditions of this Agreement, the following professional services:

| BASIC SERVICES | BILLING PHASE | TOTAL LUMP SUM FEE |
|---|---|---|
| Construction Documents | • Upon acceptance of proposal | $100,000.00 |
| | • Upon completion of 15% design | $200,000.00 |
| | • Upon completion of 50% design | $200,000.00 |
| | • Upon completion of 65% design | $250,000.00 |
| | • Upon completion of 100% design | $200,000.00 |
| **TOTAL FEE** | | **$950,000.00** |

**CONSTRUCTION MANAGERS'S REQUIREMENTS:**  Each submittal of construction documents from the Consultant to the Construction Managers shall be presented as follows:

☒      Electronic Files required are PDF and DWG

**NOTE** that any non-conformance with the above which results in time spent by Construction Managers for reformatting, translation, or conversion could result in a back charge; each original or revised set of drawings submitted **must** be accompanied by the electronic files.

**NOTE** detail(s) for Basic Service(s) to be provided.  Terms and Conditions shall be per this Agreement.

This Agreement entered into as of the day and year first written above. The signature below warrants that the person signing has the authority to sign on behalf of the Consultant and to obligate the Consultant to the terms and conditions of this Agreement.

**CONSTRUCTION MANAGERS:**                 **CONSULTANT:**

SENATE   BUILDERS   &   CONSTRUCTION        SPACE MANAGEMENT CONSULTANTS
MANAGERS, INC.

BY: Eugene J. McNally, III - President              BY: Yasser Osman,

DATE:                              09-27-2021      DATE:                        09-27-2021

## II.    TERMS AND CONDITIONS OF AGREEMENT

A.   The Construction Managers shall be the general administrator of the Project, and shall facilitate the exchange of information among the various Consultants; should the Consultant feel at any time that lack of information is impeding the progress or quality of his work, the Construction Managers shall be notified in writing. All communication between the Consultant and the Owner or Contractor shall be through the Construction Managers in writing, unless otherwise authorized.

B.   The Consultant's services shall be performed in quality, character, sequence and timing so that they will be coordinated with the services of the Construction Managers and all other consultants for the Project.

C.   The Construction Managers may elect to provide project information (for example base reference files) in the Construction Managers' CAD standards or criteria documents provided by others.

This information will be provided at the Construction Managers' expense. Completed CAD work shall be returned to the Construction Managers in the same software, release number, layering, etc. as that received from Construction Managers and/or as that required by Client. Any translation, plotting or CAD work required by the Construction Managers to complete the consultant's work in accordance will be back charged.

D.   At his expense, the Consultant shall provide progress copies of drawings, reports, specifications and other necessary information to the Construction Managers and other consultants. The Consultant shall become familiar with the Work designed by the Construction Managers and other consultants as necessary for the proper coordination of his work into the project.

E.   The Construction Managers shall not be responsible to the Owner for the acts or omissions of the Consultant, the Construction Managers' other consultants, the Contractor, the Subcontractors, any of their agents or employees, or any other persons performing any of the Work. The Consultant hereby agrees to hold the Construction Managers harmless for

any claims arising out of the work of the Consultant, including legal expenses and attorney's fees.

F.    In addition to all applicable codes, ordinances and restrictions, and in addition to sound, professional judgement, the Consultant's services shall be performed in compliance with all additional requirements provided by the Construction Managers.

G.    The Construction Managers shall have the right to transfer this Agreement to the Owner with no effect.

H.    The Consultant agrees to not bring any claim against Construction Managers for any reason except to require compliance with this Agreement.

III.   **CONSTRUCTION DOCUMENTS PHASE**

A.    When authorized by the Construction Managers in writing, the Consultant shall prepare Drawings and Specifications setting forth in detail the requirements for the construction of the Project, all of which are to be approved by the Owner and the Construction Managers. The Consultant shall prepare the Drawings and Specifications in such format as the Construction Managers may reasonably require.  Revisions as required by the Owner and Construction Managers (except those deemed by the Owner and Construction Managers to be a change in the original requirements) shall be promptly incorporated at no additional fee.

B.    When requested by the Construction Managers, the Consultant shall be available for a project "kick off" meeting at the start of construction documents as well as subsequent coordination meetings during the Construction Documents process.

C.    Consultant shall provide all additional clarifications, revisions, or supporting data that may be required to permit their portion of the work

IV.   **BIDDING PHASE**

A.    The Consultant shall assist the Construction Managers and the Owner in answering bidder/Subcontractors questions and/or preparing necessary addenda at no additional fee.

B.    The Consultant shall provide interpretation of their Drawings and Specifications at no additional fee.

V.    **CONSTRUCTION PHASE – ADMINISTRATION OF THE CONSTRUCTION CONTRACT**

A.    Upon request by the Construction Managers, the Consultant shall visit the site or perform other additional services, at Consultant's rates which will be provided upon execution of this Agreement.

B.    The Consultant shall promptly render written recommendations, on all claims, disputes and other matters relating to the Consultant's work, as requested by Construction Managers with no additional fee.

C.    The Consultant shall provide interpretation of his Drawings and Specifications and shall include shop drawing review at no additional fee.

D.    When requested by the Construction Manager, the Consultant shall be available for a "project close-out" meeting with Construction Manager, Owner and Contractor.

## VI.   TIME FRAME

A.    The Consultant shall perform its Services as expeditiously as is consistent with professional skill and care and the orderly progress of the Work. The Consultant shall submit, for the Construction Managers' approval, a schedule for the performance of the Consultant's services. The schedule, when approved by the Construction Managers, shall not, except for reasonable cause, be exceeded by the Consultant.

## VII.   REIMBURSABLE EXPENSES

A.    The expense of reproductions, postage and handling of Drawings and Specifications and other documents during design phase are not to be considered as reimbursable expenses. Reproductions required for Signing and Sealing and all documents required thereafter by the Owner shall be reimbursed at cost. For any and all reimbursable expenses, back-up information must be provided to Construction Managers.

## VIII.   PAYMENTS ON ACCOUNT OF SERVICES

A.    A condition precedent to payments which are payable to Consultant hereunder shall be receipt by Construction Managers of payment from Owner for Consultant's work. No interest shall accrue on Consultant invoices due to progress billing. It is expressly agreed that Construction Managers shall be liable to Consultant for payments under this Subcontract only when Construction Managers receives payment from Owner, and then only to such extent as the amount included in the payment from the Owner for Consultant's work. If payment from the Owner is unspecified, then the amount payable to Consultant from the funds received by Construction Managers shall be proportionate to all other work for which the Owner has been billed by Construction Managers for this project. Nothing contained herein shall prevent Consultant from protecting and exercising any lien rights it may have.

## IX.   DISPUTE RESOLUTION

A.    In an effort to resolve any conflicts that arise during the design or construction of the project or following the completion of the project, the Consultant and the Construction Managers agree that all disputes between them arising out of or relating to this Agreement shall be submitted to nonbinding mediation unless the parties mutually agree otherwise.

## X.   TERMINATION OF AGREEMENT
A.    This Agreement is terminated if and when the Construction Managers/Owner Agreement is terminated. The Construction Managers shall promptly notify the Consultant of such termination and all work shall cease immediately.

B.     This Agreement may be terminated by either party upon 24 hours written notice should the other party fail substantially to perform in accordance with its terms.

C.     Unless agreed otherwise, the Consultant's services are finished at issuance of Certificate of Occupancy.

D.     Upon completion of his work, Consultant shall complete certifications dealing with his work as requested by the Construction Managers and return same fully signed and sealed to the Construction Managers.

## XI.    INSURANCE

A.     The Construction Managers and the Consultant shall each effect and maintain liability insurance to protect themselves from claims arising out of the performance of professional services under this agreement and caused by any error, omission or negligent act for which they are legally liable.  Construction Managers shall have the right to request a Certificate of Insurance at any time.

## XII.    COMPENSATION FOR ADDITIONAL SERVICES

A. In the event of a substantial change in scope of Construction Managers work by the Owner, the Construction Managers may require an immediate, temporary halt in the Consultant's work. All additional services determined shall be performed at an hourly rate (per attached fee schedule) or at a fixed fee predetermined by both Construction Managers and Consultant.  In no case shall the Consultant perform any additional services without written approval of the Construction Managers.  No additional services shall be paid until Consultant's Supplemental Authorization is signed and returned to Construction Managers office.

## XIII.    THE CONSTRUCTION MANAGERS SHALL HAVE THE RIGHT TO COPY THE CONSULTANT'S WORK AS REQUIRED FOR:

A.  Bidding, permitting, construction and close-out of this project.

B.  Providing information to current or future owners of the project for their use in advising a current or future user (tenant).

C.  For informational purposes only in designing future renovations/additions to the original project.

**Exhibit (b) Meeting for 100% Design held at Government office on 02/24/2022**



- 
- Meeting took place on 02/24 with Project parties:
    - o  Senate Builders VP- Construction and 2 construction managers.
    - o  Gilmore & Associate representatives as Engineers on Record
    - o  Coolsys Representative as MEP Engineers on Record.
    - o  Space management architect on record.
    - O  Government Contractor officer representative.

**Exhibit (c) signed Contract**

**Space Management Consultants, LLC**
2232 DeKalb Pike
East Norriton, PA  19401 US
+1 2679667177
mariah@senatebuilders.com

# INVOICE

**BILL TO**

SENATE BUILDERS &
CONSTRUCTION
MANAGERS, INC.
2232 DEKALB PIKE
EAST NORRITON, PA  19401
USA

| | |
|---|---|
| **INVOICE #** | 1016 |
| **DATE** | 02/24/2022 |
| **DUE DATE** | 03/26/2022 |
| **TERMS** | Net 30 |

| SERVICE | DESCRIPTION | QTY | RATE | AMOUNT |
|---|---|---|---|---|
| ARCHITECTURE SERVICES | | 1 | 200,000.00 | 200,000.00 |

| | |
|---|---|
| BALANCE DUE | **$200,000.00** |

**Exhibit (d) Intent to file notice sent to Senate Builders on Thursday 03/17/2022**

## Notice of Intent to File Miller ACT Bond Claim.

**Notice to:** Eugene J. McNally, Senate Builders and Construction Managers.

**Address:** 2232 Dekalb Pike, East Norriton, PA 19401

**Claimant:**

**Name:** Space Management Consultants.

: Yasser Osman, RA, PMP, PhD.

**Phone:** 610-213-0336

**Email:** yasser@spacemanagementconsult.com

**Project Name:** VAMC Coatesville / Replace 10 Elevators

**Government Project No:** 542-14-107

**Government Contract No:** 36C24421C0087

**Project Address:** Blackhorse Hill Road, Coatesville, PA

The above Claimant was hired to provide Architecture design services to your project at the address above. As a result of non-payment claimant is filing a bond claim in the amount of $ 200,000.

**The following plan of action will be taken:**

- Payment not received in full by EOD Friday 03/18/2022
- Surety will be notified by registered mail On Monday 03/21/2022.
- Government will be notified on Monday 03/21/2022
- Will be waiting for Surety clarification and investigation
- Action will be enforced on Due time with related court.

**Proof of Record available:**

- Senate Builder rejection of raised invoice. Received by Email
- Government payment to Senate Builders for Design Services provided.
- Contract between Senate Builders and Space management.
- Contract between Senate and Government (Public Record)
- Approved Schedule of value by Government for the project.
- Senate submittal of 35%, 50%, 65%, 95% and 100% Design to Government.